UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Salvatore LaGreca,

                    Plaintiff,

        v.

Universal Music Group,

                    Defendant.

Civil Action No. 1:23-cv-04821-LAK

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

# **TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ........................................................................................................ 1

II.    THE ALLEGATIONS OF THE COMPLAINT .................................................... 3

    A.    Plaintiff and his Song "Glow" ........................................................................ 3

    B.    Defendant's Work: The Song "Glow" by Drake (feat. Kanye West) .................... 4

    C.    Allegations of the Complaint ......................................................................... 5

        1.    Substantial Similarity ......................................................................... 5

        2.    Access ................................................................................................ 6

III.   ARGUMENT .............................................................................................................. 7

    A.    Standard of Review ......................................................................................... 7

    B.    Plaintiff's Complaint Fails to State a Claim for Copyright Infringement
        Against Defendant ......................................................................................... 8

        1.    Substantial Similarity ......................................................................... 9

            i.    The Ordinary Observer Test ................................................ 9

            ii.    The Fragmented Literal Similarity Test ......................... 11

        2.    Access ............................................................................................... 13

    C.    The Complaint Should Be Dismissed With Prejudice .................................. 16

    D.    In the Alternative, the Court Should Establish a Cap on Plaintiff's Potential
        Damages ....................................................................................................... 16

        1.    Plaintiff Is Not Entitled to Statutory Damages or Attorneys' Fees .......... 17

        2.    Any Actual Damages Are Limited to Those Incurred During the
            Three Years Prior to Filing Suit ....................................................... 18

IV.    CONCLUSION ......................................................................................................... 19

## <u>TABLE OF AUTHORITIES</u>

**<u>Page(s)</u>**

### CASES

*ABKCO Music, Inc. v. Harrisongs Music, Ltd.*,
    722 F.2d 988 (2d Cir. 1983)...................................................................14

*Art Attacks Ink, LLC v. MGA Ent. Inc.*,
    581 F.3d 1138 (9th Cir. 2009) ..............................................................15

*Ashcroft v. Iqbal*,
    556 U.S. 662, 129 S. Ct. 1937 (2009)......................................................7

*Bank v. Gohealth, LLC*,
    No. 21-1287-CV, 2022 WL 1132503 (2d Cir. April 18, 2022).............16

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544, 127 S. Ct. 1955 (2007)......................................................7

*Bus. Trends Analysts, Inc. v. Freedonia Grp., Inc.*,
    887 F.2d 399 (2d Cir. 1989)..................................................................18

*Castle Rock Entm't, Inc. v. Carol Pub. Group, Inc.*,
    150 F.3d 132 (2d Cir 1998).............................................................8, 12

*Clanton v. UMG Recs., Inc.*,
    556 F. Supp. 3d 322 (S.D.N.Y. 2021)..............................................14, 15

*Edwards v. Raymond*,
    22 F. Supp. 3d 293 (S.D.N.Y. 2014)...............................................8, 9, 11

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
    499 U.S. 340, 111 S. Ct. 1282 (1991)......................................................8

*First Nationwide Bank v. Gelt Funding Corp.*,
    27 F.3d 763 (2d Cir. 1994)...............................................................1, 7

*Gottwald v. Jones*,
    No. 11 CIV. 1432 CM FM, 2011 WL 4344038 (S.D.N.Y. Sept. 12, 2011).......................8, 10

*Hayden v. Koons*,
    No. 21 CIV. 10249 (LGS), 2022 WL 2819364 (S.D.N.Y. July 18, 2022) ............................18

*Hines v. EMI April Music Inc. et al*,
    No. 20-CV-3535 (JPO), 2023 WL 6214264 (S.D.N.Y. Sept. 25, 2023) ................................12

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Hutchins v. Zoll Med. Corp.*,
    492 F.3d 1377 (Fed. Cir. 2007)........................................................13

*Jones v. Blige*,
    558 F.3d 485 (6th Cir. 2009) ...........................................................13

*Klauber Bros., Inc. v. URBN US Retail LLC*,
    1:21-CV-4526-GHW, 2022 WL 1539905 (S.D.N.Y. May 14, 2022) ....................14

*Knitwaves, Inc. v. Lollytags Ltd. (Inc.)*,
    71 F.3d 996 (2d Cir. 1995)................................................................9

*Lane v. Knowles-Carter*,
    14 Civ. 6798(PAE), 2015 WL 6395940 (S.D.N.Y. Oct. 21, 2015).......................10

*Laureyssens v. Idea Grp., Inc.*,
    964 F.2d 131 (2d Cir. 1992)...............................................................9

*Loomis v. Cornish*,
    836 F.3d 991 (9th Cir. 2016) ............................................................15

*McDonald v. West*,
    138 F. Supp. 3d 448 (S.D.N.Y. 2015).........................................8, 9, 10, 11, 13

*Muller v. Twentieth Century Fox Film Corp.*,
    794 F. Supp. 2d 429 (S.D.N.Y. 2011).....................................................15

*Oldham v. Universal Music Grp.*,
    No. 09-cv-7385, 2010 WL 4967923 (S.D.N.Y. Nov. 29, 2010)............................11

*Peter F. Gaito Architecture*,
    602 F.3d 57 (2d Cir. 2010)...............................................................7, 9

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
    572 U.S. 663 (2014)......................................................................18

*Pickett v. Migos Touring, Inc.*,
    420 F. Supp. 3d 197 (S.D.N.Y. 2019)......................................................1

*Poindexter v. EMI Rec. Grp. Inc.*,
    11 CIV. 559 LTS JLC, 2012 WL 1027639 (S.D.N.Y. Mar. 27, 2012) ....................8

*Pyatt v. Raymond*,
    10 Civ. 8765(CM), 2011 WL 2078531 (S.D.N.Y. May 19, 2011)...................10, 11

## TABLE OF AUTHORITIES
<u>(continued)</u>

**Page(s)**

*Rose v. Hewson*,
   No. 17CV1471 (DLC), 2018 WL 626350 (S.D.N.Y. Jan. 30, 2018) ................................11, 12

*Silberstein v. Fox Ent. Grp., Inc.*,
   424 F. Supp. 2d 616 (S.D.N.Y. 2004).............................................................................................13

*Sohm v. Scholastic Inc.*,
   959 F.3d 39 (2d Cir. 2020)..................................................................................................3, 18

*Tomasini v. Walt Disney Co.*,
   84 F. Supp. 2d 516 (S.D.N.Y. 2000)..............................................................................................13

*TufAmerica, Inc. v. Diamond*,
   968 F. Supp. 2d 588 (S.D.N.Y. 2013).............................................................................................12

*Ulloa v. Universal Music & Video Distrib. Corp.*,
   303 F. Supp. 2d 409, 412 (S.D.N.Y. 2004)....................................................................................1

*Wager v. Littell*,
   No. 12-CV-1292 TPG, 2013 WL 1234951 (S.D.N.Y. Mar. 26, 2013) ...................................14

*Webb v. Stallone*,
   910 F. Supp. 2d 681 (S.D.N.Y. 2012).............................................................................................13

*Yague v. Visionaire Publ'g LLC*,
   No. 19-CV-11717 (LJL), 2021 WL 4481178 (S.D.N.Y. Sept. 29, 2021) .............................17

### RULES & STATUTES

17 U.S.C. § 412..............................................................................................................................17, 18

17 U.S.C. § 507.................................................................................................................................... 18

37 C.F.R. § 202.1(a)....................................................................................................................11, 13

Fed. R. Civ. P. 12(b)(6)................................................................................................... *passim*

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant UMG Recordings, Inc. ("Defendant"), incorrectly named as "Universal Music Group," respectfully submits this Memorandum of Law in support of its Motion for an order dismissing with prejudice the sole claim of copyright infringement set forth in the Complaint ("Complaint"), dated June 8, 2023 (ECF 1), filed by Plaintiff Salvatore LaGreca ("Plaintiff").

## I.   INTRODUCTION

This is an action for alleged copyright infringement.[1]  Plaintiff contends that the musical composition and sound recording entitled "Glow" by famous recording artists Aubrey Drake Graham p/k/a "Drake" and Kanye West ("Defendant's Work"),[2] purportedly infringe Plaintiff's claimed copyright in the musical composition and sound recording of an obscure, alternative rock song by the same name that Plaintiff self-released in 2016 ("Plaintiff's Work").[3]  Defendant UMG Recordings, Inc. is engaged in the business of, *inter alia*, distributing sound recordings, including the sound recording of Defendant's Work.

The Complaint is devoid of sufficient facts to support Plaintiff's claim of copying and cannot survive a motion to dismiss for many reasons, two of which are discussed below.

*First*, the allegations regarding the critical element of Plaintiff's claim – that Defendant's Work is ***substantially similar*** to protectable elements of Plaintiff's Work – are entirely

---

[1] *See* Declaration of Bradley J. Mullins ("Mullins Decl."), Exh. A (Complaint).

[2] Neither Drake, Kanye West, nor any of the other third-party creators of Defendant's Work (the "Third-Party Songwriters") are named in this lawsuit.  The bases for dismissal set forth herein, however, would apply equally to them.

[3] "Copyright protection extends to two distinct aspects of music: (1) the ***musical composition***, which is itself usually composed of two distinct aspects – music and lyrics; and (2) the physical embodiment of a particular performance of the musical composition, usually in the form of a ***master recording***."  *Pickett v. Migos Touring, Inc.*, 420 F. Supp. 3d 197, 205 (S.D.N.Y. 2019) (quoting *Ulloa v. Universal Music & Video Distrib. Corp.*, 303 F. Supp. 2d 409, 412 (S.D.N.Y. 2004)) (emphases added).

conclusory in nature.  The only allegation in the Complaint regarding the elements of copyright protectable expression and substantial similarity is that the creators of Defendant's Work purportedly copied the "melody, lyrics, and musical composition" of Plaintiff's Work.  Cmplt. ¶ 19.[4]  But no facts are alleged regarding the specific purported melodic, lyrical, or musical similarities.

The reason for this is simple: no such similarities exist.  In adjudicating this Rule 12(b)(6) motion, this Court can and should listen to the songs as an "ordinary observer" to assess whether they share elements that are protectable.  Defendant respectfully submits that, once the Court listens to the two songs, it will recognize that the songs could not sound more different.  They share no musical or lyrical similarities – let alone similarities sufficient to rise to the level of "substantial" suggesting wrongful appropriation.  Dismissal of Plaintiff's claims, with prejudice, is thus warranted on this basis alone.

*Second*, Plaintiff fails to allege a plausible claim of ***access***, *i.e.*, that the Third-Party Songwriters or Defendant had a reasonable possibility of hearing Plaintiff's Work prior to writing Defendant's Work.  Instead of alleging a causal nexus between the Third-Party Songwriters or Defendant and Plaintiff's Work as required – and, to be clear, no such nexus exists – Plaintiff solely alleges that his self-released song was made available to the public via online sources and through purported live performances.  As a matter of law, this is insufficient to show "access" and serves as another, independent basis to dismiss Plaintiff's lawsuit.

---

[4] Plaintiff's Exhibit B to the Complaint fails to support his conclusory allegations as to the purported similarities between the works.  Aside from being inaccurate on its face (as discussed *infra*), Plaintiff fails to even attempt to explain how the alleged "vocal melody analysis" establishes that the musical composition or melody of the two works are similar.  This is because there is no plausible basis to conclude as much based on a comparison of the two works.

As more fully set forth below, dismissal should be granted in favor of Defendant, and this action dismissed with prejudice.  If the Court declines to grant that relief, however, then partial dismissal is nonetheless appropriate regarding the limited scope of Plaintiff's potential damages.  Specifically, the Court should hold that: (1) Plaintiff is not entitled to statutory damages or attorneys' fees under any circumstance; and (2) under *Sohm v. Scholastic Inc.*, 959 F.3d 39 (2d Cir. 2020), Plaintiff could, at best, only be entitled to a portion of Defendant's profits for the period commencing three years prior to Plaintiff's filing of this lawsuit through the present date.

## II.    THE ALLEGATIONS OF THE COMPLAINT

### A.    Plaintiff and his Song "Glow"

Plaintiff, an alleged musical artist, contends that he wrote, performed, and recorded his song "Glow" (Plaintiff's Work) over a period of time spanning from 2009 to 2016.  Cmplt. ¶ 10.  In 2016, Plaintiff's Work was allegedly "self-released through his own music label as part of a complete album titled 'ReNature' to various streaming services and music stores in 2016, through music distribution network Tunecore."  *Id.* ¶ 11.  Plaintiff further alleges that he "promoted the release with live performances consisting of acoustic tours and live electric full band performances at various music venues as well as through his own website and social media pages."[5]  *Id.*

Plaintiff's Work is a roughly three-and-a-half minute alternative rock song.  Mullins Decl., Exh. B.   Many of the lyrics are inaudible due to the loud instrumentation (seeming to consist of guitars, piano, drums), reverb, and sound effects being played throughout the song.  *Id.*

---

[5] As of the date of this filing, Defendant's counsel was unable to find any trace of Plaintiff's Work on any music streaming platforms or elsewhere on the Internet.  Mullins Decl., ¶ 4.  In order to even obtain a copy of Plaintiff's Work for the purposes of this motion and litigation, Defendant was forced to request a copy directly from Plaintiff.  Mullins Decl., ¶¶ 5, 6, Exh. B (Plaintiff's Work).

Based on the lyrics that **can** be heard, it appears to be a song about either the possibility of "find[ing] . . . anything [the listener] ha[s] ever wanted anytime" (*id.* at 00:39-00:50), or an unrequited love. *Id.* at 01:11-01:15 ("I'll set my sights on you in the night."). The main lyric of Plaintiff's Work appears to be: "There is still time to find anything you have wanted anytime." *Id.* at 00:36-00:50; 01:28-01:42.

### B.   Defendant's Work: The Song "Glow" by Drake (feat. Kanye West)

Defendant's Work "Glow" is a song recorded and performed by rappers and musical artists Drake and Kanye West. Cmplt. ¶ 13. The recording of the musical composition of Defendant's Work was commercially released in or around March of 2017. *Id.* Plaintiff alleges that Defendant UMG Recordings, Inc. is liable for copyright infringement due to its "reproduction, distribution, public display, and sale of Defendant's [Work]." *Id.* ¶ 29.

Defendant's Work is a hip-hop song with rapped vocals. Mullins Decl., Exh. C (Defendant's Work). The instrumentation in the song is minimal, and is limited to a drum beat and sparse chord progressions. *Id.* The lyrics themselves are in the first-person, and they specifically describe how far Kanye West and Drake have come (or "glowed up")[6] since starting out in the music industry, and how they are going to continue to shine in the spotlight for a long time. *See*, *e.g.*, *id.* at 00:32-01:00 ("Your boy all glowed up . . . 'Member doin' shows, ain't nobody show up . . . Used to work the fries, now we supersi-i-ize . . . We go suit and tie, we gon' touch the sky-y-y."). The lyrical phrase included in the chorus of Defendant's Work is, variously, "Watch out for me, I'm about to glow" and "Watch out for me, I'm bound to glow." *Id.*

---

[6] *Glow*, DICTIONARY.COM, https://www.dictionary.com/e/pop-culture/glow-up/ ("'Glow up' is an informal term for a positive personal transformation, typically one involving significant changes in appearance and style and often also growth in confidence and maturity (and sometimes aspects of personal or professional life).") (last visited Sept. 28, 2023).

C.      **Allegations of the Complaint**

On or around March 16, 2022, *six years* after Plaintiff's Work was allegedly first released, and around *five years* after Defendant's Work was commercially released on "various streaming services and [made] available for purchase on various online and retail platforms as CDs and records" (*see* Cmplt. ¶¶ 13, 14), the U.S. Copyright Office issued a copyright registration for the musical composition and sound recording of Plaintiff's Work, Reg. No. SR 927-395. *Id.* ¶ 12.  Thereafter, on June 8, 2023, Plaintiff initiated this action against Defendant UMG Recordings, Inc. alleging claims for relief for copyright infringement due to its alleged "reproduction, publication, distribution, and dissemination of [Defendant's Work][.]"  *Id.* ¶ 1.

    1.      *Substantial Similarity*

In the Complaint, Plaintiff contends that "the similarities in musical composition, melody, and lyrics between Plaintiff's [Work] and Defendant's [Work] are substantial." *Id.* ¶ 21. However, no facts are alleged in the Complaint to identify any such purported melodic, lyrical, or musical similarities.  In fact, the songs could not be more different – in theme, lyrics, or musicality.  Plaintiff's Work is an emotional alternative rock song with heavy instrumentation, sung by one person about another person finding something or unrequited love.  Defendant's Work, by contrast, is an upbeat autobiographical rap song performed by two people over a simple beat about their rises to the top.

Anything that can be plausibly extracted from Plaintiff's alleged "vocal melody analysis" attached to the Complaint ("Plaintiff's Exhibit B") does not cure Plaintiff's failure to provide notice of his claims.  Exhibit B purports to compare the lyrics and melody of a six-word sequence from Plaintiff's Work, with an eight-word sequence from Defendant's Work.  Cmplt., Exh. B.  Plaintiff alleges that the excerpted sequence from his song consists of the lyrics "There is still time to glow," and that it contains a B-E-C#-B chord progression.  *Id.*  Plaintiff further

alleges that the excerpted sequence from Defendant's Work consists of the lyrics "Watch out for me I'm bound to glow," and that it contains a C-E-D4-C-D4 chord progression. *Id.*

As an initial matter, and undermining the credibility of Plaintiff's Exhibit B, Plaintiff appears to have notated the lyrics from ***his own song*** incorrectly. Critically, the lyrics of the chorus of Plaintiff's Work are: "There is still to time to ***find***," ***not*** "There is still time to ***glow***," as claimed in Plaintiff's Exhibit B. *Compare* Mullins Decl., Exh. B at 00:36-00:50; 01:28-01:42, *with* Cmplt., Ex. B.[7] In other words, the word "glow" does not even appear to be used in the lyrics of Plaintiff's Work, as opposed to just the title.[8] Plaintiff does not even attempt to explain how the musical composition or melody of the two works are similar, because he cannot.

   2.   *Access*

Plaintiff also fails to plausibly allege that Defendant or the Third-Party Songwriters ever had access to his work prior to the creation of Defendant's Work. He claims that his song was published in a demo release in 2012, and then self-released in 2016 as part of an album entitled "ReNature." Cmplt. ¶ 11. Plaintiff further alleges that the song was made available on streaming services and in music stores, through music distribution network Tunecore, and that he promoted the release with live performances and on his website and social media pages. *Id.* While Plaintiff alleges that his song may have existed on the Internet at some point and that he performed it in certain (unnamed) venues, he fails to allege a plausible claim that anyone who created Defendant's Work had a reasonable possibility of hearing Plaintiff's Work prior to the former's creation. This is fatal to his claims.

---

[7] Notably, Plaintiff's Exhibit B does not provide any timestamp to identify which part of Plaintiff's Work contains the alleged lyric that is excerpted. However, the correct lyric – "There is still time to find" – can be heard in Plaintiff's Work at 00:36-00:50 and at 01:28-01:42. *See* Mullins Decl., Exh. B.

[8] Even in the unlikely event that the word "glow" is somehow contained in the lyrics of Plaintiff's Work, it is inaudible, and cannot form the basis of a copyright infringement claim.

This Motion is filed pursuant to the Stipulation and Order that any Motion to Dismiss the Complaint be filed by September 29, 2023.  (ECF 18.)

## III.   ARGUMENT

### A.   Standard of Review

To survive a motion to dismiss, a cause of action must be supported by "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007).  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).  While it should accept as true well-pleaded material allegations in the Complaint, the Court should not consider "conclusions of law or unwarranted deductions of fact[.]"  *See First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2d Cir. 1994) (citation omitted).

When ruling on a Rule 12(b)(6) motion, a district court may consider "'the facts as asserted within the four corners of the complaint' together with 'the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference.'" *Peter F. Gaito Architecture*, 602 F.3d 57, 64 (2d Cir. 2010) (citation omitted).  Thus, to decide a Rule 12(b)(6) motion in a copyright infringement case, the district court may consider the similarity – or the lack thereof – between the works at issue that are incorporated by reference in the plaintiff's complaint.  *Id.* ("It is entirely appropriate for the district court to consider the similarity between [contested] works in connection with a motion to dismiss, because the court has before it all that is necessary in order to make such an evaluation.").  This is because "[i]n copyright infringement actions, 'the works themselves supersede and control contrary descriptions of them,' . . . including 'any contrary allegations, conclusions or descriptions of the works contained in the pleadings.'"  *Id.* (citations omitted); *see also McDonald v. West*, 138 F.

Supp. 3d 448, 456-61 (S.D.N.Y. 2015), *aff'd*, 669 F. App'x 59 (2d Cir. 2016) (dismissing

infringement claim based on comparison of songs at issue); *Edwards v. Raymond*, 22 F. Supp. 3d

293, 297-98 (S.D.N.Y. 2014) (same); *Gottwald v. Jones*, No. 11 CIV. 1432 CM FM, 2011 WL

4344038, at *2-5 (S.D.N.Y. Sept. 12, 2011) (same).

Here, as set forth in the Mullins Declaration (Exhs. B, C), Defendant has submitted

authentic audio file copies of both Plaintiff's and Defendant's Works – the respective songs

alleged in the Complaint – which can and should be considered by the Court in ruling on this

Motion to Dismiss.  Courts in this District regularly consider audio files in this context.  *See*,

*e.g.*, *Poindexter v. EMI Rec. Grp. Inc.*, No. 11 CIV. 559 LTS JLC, 2012 WL 1027639, at *4, n.5

(S.D.N.Y. Mar. 27, 2012); *Gottwald*, 2011 WL 4344038 at *5.

### B.     Plaintiff's Complaint Fails to State a Claim for Copyright Infringement Against Defendant

To prevail on a claim for copyright infringement, a plaintiff must establish (1) ownership

of a valid copyright, and (2) unauthorized copying of protectable material.  *See Feist Publ'ns,*

*Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 1296 (1991).

Copying may be established either by "direct evidence of copying or by indirect

evidence," *i.e.*, by showing "access to the copyrighted work, [***and***] similarities that are probative

of copying between the works . . ." *Castle Rock Entm't, Inc. v. Carol Pub. Group, Inc.*, 150 F.3d

132, 137 (2d Cir 1998) (citation omitted).  Once copying has been established, a plaintiff must

show that it was unlawful by demonstrating that there is a "substantial similarity" between the

protectable elements of the works.  *Id.*  Plaintiff has failed to adequately plead these elements.

1.    *Substantial Similarity*

i.    The Ordinary Observer Test

Plaintiff does not ***and cannot*** sufficiently allege that the two songs at issue are substantially similar.  To test whether an allegedly infringing work plausibly is "substantial similar" to a copyrighted work, courts must determine "'whether an ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard the aesthetic appeal as the same.'"  *Edwards*, 22 F. Supp. 3d at 297-98 (quoting *Gaito*, 602 F.3d at 66).  This test answers the question of whether "an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work."  *Knitwaves, Inc. v. Lollytags Ltd. (Inc.)*, 71 F.3d 996, 1002 (2d Cir. 1995) (citation omitted).  Under the ordinary observer test, courts are "principally guided by comparing the contested [work's] total concept and overall feel with that of the allegedly infringed work . . . as instructed by our good eyes and common sense."  *Gaito*, 602 F.3d at 66 (citations and internal quotation marks omitted).  Where the work at issue "contains both protectable and unprotectable elements . . . the observer's inspection must be more 'discerning,' ignoring those aspects of a work that are unprotectable in making the comparison."  *Laureyssens v. Idea Grp., Inc.*, 964 F.2d 131, 141 (2d Cir. 1992), *as amended* (June 24, 1992) (citation omitted).

Courts in this District routinely apply the "ordinary observer" test to dismiss meritless copyright infringement claims involving music at the motion to dismiss stage.  *See*, *e.g.*, *McDonald*, 138 F. Supp. 3d at 460 (dismissing complaint at pleading stage because "[l]istening to the two tracks side by side demonstrates beyond dispute how little they have in common"); *Edwards*, 22 F. Supp. 3d at 298-99 (holding as a matter of law that defendant Usher's song "Caught Up" could not have infringed the plaintiff's song of the same title because the musical compositions were too dissimilar and the songs' titles and lyrics "caught up" were too short and

unoriginal for copyright protection); *Pyatt v. Raymond*, 10 Civ. 8765(CM), 2011 WL 2078531, at *5-10 (S.D.N.Y. May 19, 2011), *aff'd*, 462 Fed. Appx. 22 (2d Cir. 2012) (granting motion to dismiss because the identical titles and lyrical similarities were too short and unoriginal for copyright protection and the musical compositions were too dissimilar); *Lane v. Knowles-Carter*, 14 Civ. 6798(PAE), 2015 WL 6395940, at *7 (S.D.N.Y. Oct. 21, 2015) (granting motion to dismiss because, "[a]s to the music in the two songs at issue, the Court, having listened to the two songs back to back, finds little, if anything, in common between XOXO and XO"); *Gottwald*, 2011 WL 4344038 (dismissing at pleading stage due to lack of substantial similarity).

Just as in the cases discussed above, there is no musical similarity whatsoever – let alone any substantial similarity – between the parties' respective works in the present action. As discussed *supra* at Section II.C.1, it is readily apparent that Defendant's Work is a celebratory beat-driven autobiographical rap song performed by two people about their evolution from "doin[g] shows, [where] nobody show[ed] up" to "land[ing] on a gold mine." Mullins Decl., Exh. C. By contrast, Plaintiff's Work is a moody alternative rock song with heavy instrumentation, sung by one person, about someone else finding something or a romantic partner. Plaintiff does not even purport to allege any specific musical similarities between the works. The Complaint does not aver that specific elements of the melodies, tempos, rhythms, chord patterns, or other musical elements of the works are substantially similar in any regard. The absence of such allegations reflects the utter lack of musical similarities between the works under the ordinary observer test, an absence that is plainly evident to the lay observer. *See McDonald*, 138 F. Supp. 3d at 460.

The only even arguable similarity between the two tracks is the ***unprotectable*** title of both works, and any alleged lyrics using the word "glow." To the extent the word "glow" can

even be discerned in the lyrics to Plaintiff's Work, the use of this single word is insufficient to create substantial lyrical similarities between the tracks, as short commonplace phrases are not protected by copyright and cannot, as a matter of law, support of a copyright infringement claim. *See* 37 C.F.R. § 202.1(a) ("[w]ords and short phrases such as [] titles . . . are not subject to copyright"); *McDonald*, 138 F. Supp. 3d at 454.  Simply put, Plaintiff cannot appropriate the use of a common word; and, when considered in the context of these otherwise wholly dissimilar songs, the sheer coincidence of its use cannot form the basis of a plausible infringement claim. *See, e.g., McDonald*, 138 F. Supp. 3d at 458-59 (use of generic term "Made in America" as a musical title and in song lyrics does not constitute infringement absent music similarities); *Edwards*, 22 F. Supp. 3d at 301; *Pyatt*, 2011 WL 2078531 at *8 (use of the unprotectable phrase "Caught Up" in lyrics and song titles was insufficient to support infringement claims absent musical similarities); *Oldham v. Universal Music Grp.*, No. 09-cv-7385, 2010 WL 4967923, at *3 (S.D.N.Y. Nov. 29, 2010) (use of single word "why" was not actionable because "single words or short phrases . . . do not exhibit the minimal creativity for copyright protection") (citation and quotations omitted).

          ii.        <u>The Fragmented Literal Similarity Test</u>

Plaintiff also cannot state a claim for infringement under the fragmented literal similarity test with respect to the fragments excerpted in Plaintiff's Exhibit B (*see supra* at Section II.C.1). Where, as here, "there is no substantial similarity between two works when they are considered as a whole, liability may exist when a fragment of a copyrighted work has been copied." *Rose v. Hewson*, No. 17CV1471 (DLC), 2018 WL 626350, at *4 (S.D.N.Y. Jan. 30, 2018).  This doctrine has come to be known as "fragmented literal similarity." *Id.* (citing 4 Nimmer on Copyright § 13.03 (2017)).

However, in order to pursue an infringement claim under the fragmented similarity test, the fragment at issue must be "literally copied or nearly literally copied." *Rose*, 2018 WL 626350, at *6 (comparing audio clips to determine that two portions of work were not "sufficiently close" under fragmented similarity test); *Castle Rock*, 150 F.3d at 140 (fragmented literal similarity "focuses upon copying of direct quotations or close paraphrasing"); *TufAmerica, Inc. v. Diamond*, 968 F. Supp. 2d 588, 597 (S.D.N.Y. 2013) ("Fragmented literal similarity exists where the defendant copies a portion of the plaintiff's work exactly or nearly exactly, without appropriating the work's overall essence or structure.") (internal quotation and citation omitted). In addition, the test only considers the significance of ***protectable*** expression from a plaintiff's work. Thus, in no instance can a music copyright infringement claim can be established based on copying of ***unprotected*** expression in a composition, as such material is available for unfettered use by all music creators. *See*, *e.g.*, *Hines v. EMI April Music Inc. et al*, No. 20-CV-3535 (JPO), 2023 WL 6214264, at *7 (S.D.N.Y. Sept. 25, 2023) (dismissing copyright infringement claim due, in part, to the "ubiquitous appearance of the notes in the [work at issue] in the public domain, as well as [plaintiff's] minimal additions to those notes").

The alleged (incorrect) fragments set forth in Plaintiff's Exhibit B are: (1) a six-word sequence from Plaintiff's Work allegedly consisting of the lyrics "There is still time to glow"[9] which contains an B-E-C#-B chord progression; and (2) an eight-word sequence from Defendant's Work consisting of the lyrics "Watch out for me I'm bound to glow" over a C-E-D4-C-D4 chord progression. Cmplt., Exh. B. Plaintiff does not, and cannot, allege that there is "literal" or "nearly literal" copying present. For that reason alone his claims fail. Moreover,

---

[9] For the purposes of this motion, the Court may – but need not – assume that the lyric to Plaintiff's Work is "There is still time to glow," as opposed to "There is still time to find," as the result is the same given that "glow" is a generic, commonplace term.

Defendant's use of the generic, commonplace term "glow" (which, again, is not even audible in Plaintiff's Work) is not taken into account in the fragmented literal similarity analysis, which solely compares protectable expression (if any) from Plaintiff's sequence, rendering the sequences even further disparate. *See Hutchins v. Zoll Med. Corp.*, 492 F.3d 1377, 1384 (Fed. Cir. 2007) ("[i]t is axiomatic that copyright law denies protection to 'fragmentary words and phrases'...") (citation omitted); *see also* 37 C.F.R. § 202.1(a) ("words and short phases" are not copyrightable); *McDonald*, 138 F. Supp. 3d at 454 ("Words and short phrases … rarely if ever exhibit sufficient originality to warrant copyright protection").

In short, there is no substantial similarity in protectable expression between Plaintiff's Work and Defendant's Work under any relevant test. Without substantial similarity, Plaintiff cannot succeed on his copyright infringement claim and this matter should be dismissed with prejudice in its entirety.

>    2.    *Access*

The Complaint also fails to allege sufficient facts showing that the creators of Defendant's Work had access to Plaintiff's Work. "Access" in the copyright infringement context "is essentially hearing or having a reasonable opportunity to hear the plaintiff['s] work and thus having the opportunity to copy." *Jones v. Blige*, 558 F.3d 485, 491 (6th Cir. 2009) (citation omitted). *Accord*, *Silberstein v. Fox Ent. Grp., Inc.*, 424 F. Supp. 2d 616, 624 (S.D.N.Y. 2004), *aff'd sub nom. Silberstein v. John Does 1-10*, 242 F. App'x 720 (2d Cir. 2007). Critically, a "'bare possibility' of access [is not] sufficient . . ." *Jones*, 558 F.3d at 491 (citation omitted). Access can be shown by "a particular chain of events" demonstrating the defendant's access, *Tomasini v. Walt Disney Co.*, 84 F. Supp. 2d 516, 519 (S.D.N.Y. 2000), or facts indicating wide dissemination of the plaintiff's work, such that access can be inferred, *Webb v. Stallone*, 910 F. Supp. 2d 681, 686 (S.D.N.Y. 2012).

The element of access must be plausibly pled for a copyright infringement complaint to survive a Rule 12(b)(6) motion. *Klauber Bros., Inc. v. URBN US Retail LLC*, 1:21-CV-4526-GHW, 2022 WL 1539905, at \*9 (S.D.N.Y. May 14, 2022) ("Plaintiff's boilerplate, conclusory allegations of access in paragraph 25 of the complaint are also insufficient …."). *Accord, Clanton v. UMG Recs., Inc.*, 556 F. Supp. 3d 322, 330-31, 334 (S.D.N.Y. 2021) (granting motion to dismiss complaint with insufficient access allegations). The requirement to plead access "is necessary to ensure that defendants have notice of the basis of the claims against them, and to screen out frivolous claims." *Wager v. Littell*, No. 12-CV-1292 TPG, 2013 WL 1234951, at \*1 (S.D.N.Y. Mar. 26, 2013), *aff'd*, 549 F. App'x 32 (2d Cir. 2014).

Construing the Complaint liberally, Plaintiff appears to attempt to allege access through: (1) the purported "widespread dissemination" of Plaintiff's Work (through the posting of his song online and on streaming service Tunecore); and (2) a purported "chain of events" linking his music to Defendant or the Third-Party Songwriters due to his alleged promotion of his song in 2016 via "live performances" at acoustic tours and "live electric full band performances." Both theories are insufficient to establish access. Cmplt. ¶ 11.

In order to satisfy the "wide dissemination" standard, an allegedly infringed work must have enjoyed "considerable commercial success." *Clanton*, 556 F. Supp. 3d at 328 (quoting *Webb*, 910 F. Supp. 2d at 686). Therefore, the mere availability in the marketplace does not suffice to establish widespread dissemination; courts still require allegations that would make reasonable an inference of access, such as that the song had obtained ubiquity, or the song was readily available in a market in which the defendant participated. *Compare ABKCO Music, Inc. v. Harrisongs Music, Ltd*., 722 F.2d 988, 998 (2d Cir. 1983) (access found where song was number one on the popular music charts for weeks in the United States and England) *with*

*Clanton,* 556 F. Supp. 3d at 328 (complaint failed to allege widespread dissemination of a song when "plaintiff alleged the bare facts that it was on a mixtape that was posted to several hip-hop websites and that the Subject Composition was posted on YouTube"); *Loomis v. Cornish*, 836 F.3d 991, 997 (9th Cir. 2016) ("bare possibility" that defendants heard plaintiff's song insufficient to establish access through "wide[] disseminat[ion]," rather, it must be shown through evidence that defendants "undertook [] activity in [the relevant] market that created a reasonable possibility of access to [the plaintiff's song]"); *Art Attacks Ink, LLC v. MGA Ent. Inc.*, 581 F.3d 1138, 1144 (9th Cir. 2009).

Critically, as is the case here, an allegation that an allegedly infringed work "was posted on the internet is insufficient on its own to show 'wide dissemination.'" *Clanton*, 556 F. Supp. 3d at 328 (citing *O'Keefe v. Ogilvy & Mather Worldwide, Inc.*, 590 F. Supp. 2d 500, 515 (S.D.N.Y. 2008); *Hayes v. Minaj*, 2012 WL 12887393, at *3 (C.D. Cal. Dec. 18, 2012)). "Were it otherwise, any work that any person uploaded publicly to the internet would have to be considered sufficiently 'widely disseminated' to give rise to an inference that every person had heard it – an inference that would be plainly unreasonable." *Clanton*, 556 F. Supp. 3d at 328. Plaintiff fails to allege access through widespread dissemination.

Plaintiff's chain-of-events theory fares no better, as he fails to allege "a nexus" between his alleged "live performances" and Defendant's or the Third-Party Songwriters' access to same. *Muller v. Twentieth Century Fox Film Corp.*, 794 F. Supp. 2d 429, 442 (S.D.N.Y. 2011). He claims that he "promoted the release with live performances consisting of acoustic tours and live electric full band performances at various music venues" (Cmplt. ¶ 11), but does not allege that Defendant or the Third-Party Songwriters were ever present at any of these performances, or that they ever heard or listened to Plaintiff's Work.

Thus, Plaintiff has pled nothing showing any causal link between the fact that his song was made available online and any access to same by Defendant (or the Third-Party Songwriters) prior to the creation of Defendant's Work.  Such failure to plead access beyond the speculative level dictates that the Complaint should be dismissed for failure to state a claim.

    **C.**      **The Complaint Should Be Dismissed With Prejudice**

In light of the above, and given the Court's possession of the two works – which establishes no substantial similarity between them as a matter of law – there is no scenario in which Plaintiff could possibly add any allegations to his pleading which could establish a viable claim of copyright infringement.  In addition, Plaintiff cannot amend his Complaint to plausibly allege that Defendant purportedly had access to Plaintiff's Work.

Because any further attempt to amend would be futile, dismissal with prejudice is warranted.  *Bank v. Gohealth, LLC*,  No. 21-1287-CV, 2022 WL 1132503, at *1-2 (2d Cir. April 18, 2022) ("Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure . . . 'where the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied.'") (citing *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012); *Hayden v. Cnty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999)).

    **D.**      **In the Alternative, the Court Should Establish a Cap on Plaintiff's Potential Damages**

For the multiple reasons set forth above, Plaintiff's Complaint should be dismissed outright.  However, to the extent that any portion of Plaintiff's copyright infringement claim is

permitted to proceed (and Defendant contends that should not be the case), Plaintiff's potential

recovery should be narrowed as a matter of law.[10]

1.    <em>Plaintiff Is Not Entitled To Statutory Damages Or Attorneys' Fees</em>

Plaintiff cannot obtain attorneys' fees or statutory damages under the U.S. Copyright Act

against Defendant under any circumstances because he failed to obtain a copyright registration

for Plaintiff's Work prior to the alleged infringement at issue.  As a court in this District recently

explained:

> Section 412 of the Copyright Act provides in plain language that "***no award of statutory damages or of attorney's fees***, as provided by sections 504 and section 505, ***shall be made for***—(1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or (2) ***any infringement of copyright commenced after first publication of the work and before the effective date of its registration***, unless such registration is made within three months after first publication of the work." 17 U.S.C. § 412.

*Yague v. Visionaire Publ'g LLC*, No. 19-CV-11717 (LJL), 2021 WL 4481178, at *1 (S.D.N.Y.

Sept. 29, 2021) (emphasis added).  Indeed, "Section 412 is intended to provide additional

remedies of statutory damages and attorney's fees as incentives to register."  *Id*. (internal

quotations and citation omitted).

Here, Plaintiff did not register the work at issue until March 16, 2022, ten years after it

was first allegedly published in a demo release (in 2012), six years after it was allegedly

commercially released (in 2016), and – critically – five years after the alleged infringement at

issue.  Because "no award of statutory damages or of attorney's fees . . . shall be made for . . .

any [alleged] infringement of copyrighted commenced after first publication of the work and

before the effective date of its registration," Plaintiff cannot obtain statutory damages or

---

[10] After dismissal, Defendant reserves the right to seek costs and fees under the U.S. Copyright Act.

attorneys' fees under the U.S. Copyright Act under any circumstance, and his claims for same should be dismissed.  17 U.S.C. § 412.

> 2. *Any Actual Damages Are Limited to Those Incurred During the Three Years Prior to Filing Suit*

Since Plaintiff cannot obtain statutory damages or fees, he is limited to actual damages. *See* 17 U.S.C. § 412; *see also Bus. Trends Analysts, Inc. v. Freedonia Grp., Inc.*, 887 F.2d 399, 404 (2d Cir. 1989).  The Second Circuit, however, has held that a "plaintiff's recovery is limited to damages incurred during the three years prior to filing suit" under 17 U.S.C. § 507.  *Sohm*, 959 F.3d at 52; *see also Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 677 (2014); *Hayden v. Koons*, No. 21 CIV. 10249 (LGS), 2022 WL 2819364, at *6 (S.D.N.Y. July 18, 2022) (granting the defendant's motion for a ruling limiting damages to the three-year period prior to the commencement of the action based on *Sohm*).  Thus, Plaintiff's damages should be limited to the extent he seeks them for acts of alleged infringement preceding June 8, 2020, *i.e.*, three years before he filed this lawsuit.

IV.     **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court dismiss with

prejudice Plaintiff's Complaint in its entirety.

DATED:  New York, New York                    MITCHELL SILBERBERG & KNUPP LLP
           September 29, 2023

                                               By: /s/ Christine Lepera
                                                 Christine Lepera
                                                 Bradley J. Mullins
      Lindsay R. Edelstein
      437 Madison Ave., 25th Floor
      New York, New York 10022
      Telephone: (212) 509-3900
      Facsimile: (212) 509-7239
      Email: ctl@msk.com
      Email: bym@msk.com
      Email: lre@msk.com

      *Attorneys for Defendant UMG*
      *Recordings, Inc., incorrectly named as*
      *"Universal Music Group"*