UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SALVATORE LAGRECA,

                       Plaintiff,

         -against-                              23-cv-4821 (LAK)

UNIVERSAL MUSIC GROUP,

                       Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge*.

       Defendant UMG Recordings, Inc.[1] is a multinational music corporation engaged in the business of recording, publishing, and distributing music, among other things. Plaintiff Salvatore LaGreca — a self-proclaimed musical artist — brought suit against defendant for one count of alleged infringement of his copyright in his song, "Glow."[2]  Now before the Court is defendant's motion to dismiss the Complaint (Dkt 22) on the grounds that the alleged infringing work is not substantially similar to the copyrighted song and that the Complaint fails to allege a plausible claim of access to the copyrighted song.[3]

       Plaintiff alleges that he drafted and developed his song "Glow" beginning in 2009,

---

[1]
      Defendant was incorrectly named as "Universal Music Group" in the Complaint and case caption.

[2]
      Dkt 1 ("Compl.") ¶¶ 27-34.

[3]
      The Court assumes familiarity with the underlying facts and the procedural history and thus provides the minimal background necessary to decide the motion.

first publishing it as a demo release in 2012.[4]  According to the Complaint, plaintiff then self-released the song on streaming services and in music stores in 2016 with the help of the music distribution network "Tunecore."[5]  Plaintiff did not obtain a copyright registration for the song from the U.S. Copyright Office until March 16, 2022.[6]

The allegedly infringing work — also a song titled "Glow" — was recorded by artists Drake and Kanye West and released by defendant on March 18, 2017.[7]  The song is available for purchase and streaming on various online and retail platforms.[8]  While audio files of the two songs at issue were not attached to the Complaint, defendant submitted copies of both with a declaration accompanying his motion to dismiss,[9] which the parties agree the Court may consider in deciding this motion.[10]

---

[4]     Compl. ¶ 10.

[5]     Id. ¶ 11.

Defense counsel represent that they were "unable to find any trace of Plaintiff's Work on any music streaming platforms or elsewhere on the Internet," with the only copy that they could obtain having come directly from plaintiff. Dkt 24 (Def. Mem.) at 3 n.5.  The same is true for the Court.

[6]     Compl. ¶ 12, Ex. A.

[7]     Id. ¶ 13.

[8]     Id. ¶ 14.

[9]     Dkt 23 (Mullins Dec.) at Ex. B, Ex. C.

[10]    Dkt 24 (Def. Mot.) at 7-8; Dkt 25 (Pl. Opp.) at 4.  *See Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) ("In copyright infringement actions, the works themselves supersede and control contrary descriptions of them, . . . including any contrary allegations, conclusions or descriptions of the works contained in the pleadings"

To establish the unauthorized copying of original material — one of two necessary elements of a copyright infringement claim[11] — plaintiff must show that: "(1) the defendant has actually copied the plaintiff's work; *and* (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's."[12] As to the first prong, neither party contends that the Complaint alleges "direct evidence of copying" of plaintiff's work.[13] Nor, however, does the Complaint provide any "indirect evidence of copying[,] includ[ing] proof that the defendant[] had access to the copyrighted work."[14] Instead, the full extent of plaintiff's "access" allegations are that he released his song "to various streaming services and music stores in 2016" and that he "promoted the release with live performances . . . at various music venues as well as through his own website and social media pages."[15]

These allegations are insufficient to state "a particular chain of events" linking

---

(internal citations and quotation marks omitted)); *TufAmerica, Inc. v. Diamond*, 968 F. Supp. 2d 588, 595-96 (S.D.N.Y. 2013) ("Courts in this district regularly consider audio files in" deciding motions to dismiss) (collecting cases); *McDonald v. West*, 138 F. Supp. 3d 448, 453, 456 (S.D.N.Y. 2015) (same).

[11] *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991) (two elements of copyright infringement are "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.").

[12] *Hamil Am. Inc. v. GFI*, 193 F.3d 92, 99 (2d Cir. 1999) (internal citations and quotation marks omitted) (emphasis in original).

[13] *Laureyssens v. Idea Grp., Inc.*, 964 F.2d 131, 140 (2d Cir. 1992); *see* Dkt 25 (Pl. Opp.) at 12.

[14] *Hamil Am.*, 193 F.3d at 99 (citing *Repp v. Webber*, 132 F.3d 882, 889 (2d Cir. 1997)).

[15] Compl. ¶ 11.

4

defendant to the copyrighted work.[16]  Nor do they demonstrate the "considerable commercial success" necessary to show that the song was "widely disseminated."[17]  Plaintiff has made no specific allegations about how many times his song was streamed, purchased, or performed, who accessed it, or even on what specific streaming services and platforms it allegedly was accessible, even though such information should be readily available.  He suggests no website, venue, or location where defendant actually may have accessed his song.  And the mere fact that plaintiff's song was available "on the internet is insufficient on its own to show 'wide dissemination,'" yet plaintiff's allegations boil down to little more.[18]  Thus, the Complaint does not sufficiently plead actual copying because it utterly fails to allege facts which, if true, would show that defendant had access to plaintiff's song.

　　　　Separately, plaintiff has failed adequately to plead substantial similarity.  Under the "ordinary observer" test — which asks "whether an ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard the aesthetic appeal as the same"[19] — the Court may dismiss any comparison between the "total concept and overall feel" of the works at

---

[16]　　Gal v. Viacom Int'l, Inc., 518 F. Supp. 2d 526, 538 (S.D.N.Y. 2007) (quoting Tomasini v. Walt Disney Co., 84 F. Supp. 2d 516, 519 (S.D.N.Y. 2000)).

[17]　　Webb v. Stallone, 910 F. Supp. 2d 681, 686 (S.D.N.Y. 2012) (quoting Silberstein v. Fox Ent. Grp., 424 F. Supp. 2d 616, 627 (S.D.N.Y. 2004)); see also Clanton v. UMG Recordings, Inc., 556 F. Supp. 3d 322, 328 (S.D.N.Y. 2021) (allegations that song was available on music websites and YouTube were insufficient to plead access).

[18]　　Clanton, 556 F. Supp. 3d at 328 (quoting O'Keefe v. Ogilvy & Mather Worldwide, Inc., 590 F. Supp. 2d 500, 515 (S.D.N.Y. 2008)).

[19]　　Yurman Design, Inc. v. PAJ, Inc., 262 F.3d 101, 111 (2d Cir. 2001) (cleaned up) (quoting Hamil Am., 193 F.3d at 100).

issue using simply its "good eyes and common sense."[20]  The most that can be said regarding the alleged similarity of the two songs is that each contains the same title and each *may* use the word "glow" as a lyric at least once,[21] which falls far short of demonstrating any "substantial" similarity.[22] Beyond that, the songs concern different themes, inhabit different genres, and express none of the same musical elements such as beats, melodies, or instrumentation that could possibly confuse a lay observer.  Plaintiff's arguments to the contrary stretch the bounds of ordinary reason, contending that both works "draw[] out the final word in a phrase/sentence," use "percussion and drum beats . . . to underline the melody," and employ a similar structure of verses, choruses, and "musical intro[s]" and "outro[s]."[23]  Yet this simply describes the act of singing and the basic elements of an ordinary pop song, neither of which plaintiff created.

Nor does plaintiff state a claim for infringement under the fragmented literal similarity test.  "Fragmented literal similarity exists where the defendant copies a portion of the plaintiff's work *exactly* or *nearly exactly*, without appropriating the work's overall essence or structure."[24]  Here, however, defendant conclusorily pleads fragmented literal similarity between very

---

[20]

    *Peter F. Gaito Architecture*, 602 F.3d at 66 (internal citations and quotation marks omitted).

[21]

    Even this is uncertain.  Plaintiff represents that the word "glow" is used in the third chorus of his song, Dkt 25 (Pl. Opp.) at 6, but like defendant, the Court concludes that many of plaintiff's lyrics are incomprehensible.  *See* Dkt 23 (Mullins Dec.) at Ex. B.

[22]

    *See* Dkt 24 (Def. Mem.) at 9-10 (collecting cases).

[23]

    Dkt 25 (Pl. Opp.) at 8.

[24]

    *TufAmerica*, 968 F. Supp. 2d at 597 (emphasis added) (cleaned up) (quoting *Newton v. Diamond*, 388 F.3d 1189, 1195 (9th Cir. 2004)).

brief portions of the two songs, again resorting to mischaracterization and over-simplification to make his argument.[25]  Among other things, the relevant portions — as more fully written out and cited in plaintiff's opposition papers[26] — are sung in different keys, set at completely different speeds, utilize distinct chords and chord progressions, employ different instruments, contain melodies bearing minimal resemblance to one another, and contain lyrics that are entirely different apart from the word "glow."[27]  Far from pleading facts that could support a plausible claim of substantial similarity, in actuality the two songs and fragments could not be more different from one another.  Thus, the Complaint is insufficient on this independent ground as well.

Accordingly, the defendant's motion to dismiss (Dkt 22) is GRANTED.  The Clerk shall close the case.

SO ORDERED.

Dated:        September 12, 2024

_____
Lewis A. Kaplan
United States District Judge

---

[25]        Compl. ¶ 21, Ex. B.

[26]        *See* Dkt 25 (Pl. Opp.) at 10.

[27]        *Id*.; *see* Dkt 23 (Mullins Dec.) at Ex. B, Ex. C.